J-S35022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER A. MENDEZ | : | |
| | : | |
| Appellant | : | No. 1637 WDA 2016 |

Appeal from the Judgment of Sentence October 11, 2016
in the Court of Common Pleas of Venango County
Criminal Division at No(s):  CP-61-CR-0000069-2015,
CP-61-CR-0000376-2016

BEFORE:   LAZARUS, J., RANSOM, J., and STEVENS, P.J.E.*

MEMORANDUM BY RANSOM, J.:                    **FILED AUGUST 17, 2017**

Appellant, Christopher A. Mendez, appeals from the judgment of sentence of three to ten years of imprisonment, imposed following his guilty plea to criminal trespass, endangering the welfare of children, and driving under the influence.[1]  We affirm.

The following statement of facts and procedural history is garnered from the trial court opinion, which is supported by the record.  **See** Trial Court Opinion, 12/14/2016, at 1-3.  Following a hearing with the trial court in March 2015, Appellant entered a guilty plea to criminal trespass.  In May 2015, Appellant was sentenced to imprisonment for eight to twenty-four

---

[1] Respectively, **see** 18 Pa.C.S. §§ 3503(a)(1)(ii), 4304(a)(1); and 75 Pa.C.S. § 3802(a)(1).

---

* Former Justice specially assigned to the Superior Court.

months less one day, followed by two years of probation. Appellant was given credit for time served. In September 2015, Appellant was paroled until his maximum expiration date of January 2017.

In May 2016, Appellant was pulled over by law enforcement for driving erratically. There was an odor of alcohol on his breath, and Appellant's speech was slurred. Two children, ages three and four, were in the car at the time of this incident. Appellant was arrested. Thereafter, Appellant stipulated to violation of his parole, which was revoked, and pleaded guilty to endangering the welfare of children as well as driving under the influence ("DUI") – minor occupants.

In October 2016, Appellant was resentenced on the criminal trespass to two to five years of imprisonment. Appellant was also sentenced to one to five years of imprisonment for endangering the welfare of children, and one to five years of imprisonment on the DUI - minor occupants[2] to be served concurrent to each other, but consecutive to the criminal trespass conviction. This resulted in an aggregate term of three to ten years of incarceration. Appellant was again given credit for time served. Appellant

---

[2] Although the instant DUI was Appellant's first, which would typically limit his sentence to six months maximum imprisonment, the presence of minors in the vehicle resulted in the offense being graded as a first-degree misdemeanor punishable by five years imprisonment. *See* 75 Pa.C.S. § 3803(b)(5).

filed a motion for reconsideration of sentence, which was denied in October 2016.

Thereafter, Appellant timely filed an appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

Appellant presents the following question for our review:

> 1. Is the sentence imposed upon Mr. Mendez unreasonable, manifestly excessive and thus an abuse of discretion?

Appellant's Brief at 5.

In the sole issue before this Court, Appellant argues that his sentence was manifestly excessive and that the court failed to adequately consider evidence presented at sentencing. Appellant's Brief at 17. Appellant's challenge is to the discretionary aspects of his sentence. **See, e.g.**, **Commonwealth v. Lutes**, 793 A.2d 949, 964 (Pa. Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 913 (Pa. Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question

that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006) (most citations omitted), *appeal denied*, 909 A.2d 303 (Pa. 2006).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 812 A.2d 617, 621 (Pa. 2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008) (emphasis in original) (internal quotation marks omitted), *appeal denied*, 954 A.2d 895 (Pa. 2008), *cert. denied*, 129 S. Ct. 2450, (2009).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *See Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa. Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra,* 752 A.2d at 912-13. A claim that a

- 4 -

sentence is manifestly excessive might raise a substantial question if the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence imposed violates a specific provision of the Sentencing Code or the norms underlying the sentencing process. **See Mouzon**, 812 A.2d at 627. The court's exercise of discretion in imposing consecutive as opposed to concurrent sentences is generally not viewed as raising a substantial question. **Commonwealth v. Gonzalez-Dejusus**, 994 A.2d 595, 598 (Pa. Super. 2010); **see also Commonwealth v. Hoag**, 665 A.2d 1212, 1214 (Pa. Super. 1995) (explaining that a defendant is not entitled to a 'volume discount' for his or her crimes).

As an initial matter, we note that Appellant timely filed a notice of appeal, preserved the instant issue in a motion to reconsider sentence, and included a Pa.R.A.P. 2119(f) statement in his brief. Therefore, our analysis turns on whether there is a substantial question that the sentence appealed from is inappropriate under the Sentencing Code. **See** 42 Pa.C.S.A. § 9781(b). We conclude Appellant has failed to present a substantial question for our review.

Appellant argues that the sentencing scheme in the instant case was at the higher range of the possible sentences and that all the sentences should have run concurrent. Appellant's Brief at 9. However, Appellant's aggregate sentence was composed exclusively of standard range guideline sentences and was less than the statutory maximum for the crimes charged. Notes of Testimony (N.T.), 10/11/2016, at 18-20. As previously stated, a

sentencing court's decision to impose consecutive versus concurrent sentences does not generally raise a substantial question. *See Gonzalez-Dejusus*, 994 A.2d at 598. Likewise, Appellant's contention that the court failed to consider mitigating circumstances does not present a substantial question. *Commonwealth v. Moury,* 992 A.2d 162, 175 (Pa. Super. 2010) (observing that the sentencing court's refusal to weigh the proposed mitigating factors as Appellant wished does not raise a substantial question).[3] Moreover, Appellant's bald assertion that his sentence was unreasonable lacked citation to specific provisions of the Sentencing Code allegedly violated and was devoid of argument that the sentence was contrary to sentencing norms.

Accordingly, Appellant has failed to raise a substantial question for our review, and no relief is due.

Judgement of sentence affirmed.

_____

[3] We note that the trial court was aware of Appellant's parental responsibilities and acceptance of his actions. N.T., 10/11/2016, at 19-22. The court also had the benefit of a pre-sentence investigation report. *Id.* at 16. "Our Supreme Court has ruled that where pre-sentence reports exist, the presumption will stand that the sentencing judge was both aware of and appropriately weighed all relevant information contained therein." *Commonwealth v. Griffin*, 804 A.2d 1, 9 (Pa. Super. 2002), *appeal denied*, 868 A.2d 1198 (Pa. 2005), *cert. denied*, 125 S. Ct. 2984 (2005).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/17/2017